# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

In re:

MOHAMMED SAUD AHMED,     Case No. 09-10809-RGM
                         (Chapter 7)
    Debtor.

## MEMORANDUM OPINION

THIS CASE is before the court on the chapter 7 trustee's objection to the debtor's claim of exemption. The debtor mailed his homestead deed to the clerk of the circuit court who received it more than five days after the conclusion of the first meeting of creditors. The question is whether the homestead deed was timely.

The first meeting of creditors was held on April 16, 2009. The homestead deed was required to be filed by April 21, 2009.[1] Va.Code (1950) §34-17(A). On April 20, 2009, the debtor mailed his homestead deed to the clerk of the circuit court. The clerk received it on April 23, 2009.[2] The trustee objected to the claim of exemption because the homestead deed was not timely filed.

---

[1] The first meeting of creditors was originally scheduled for March 16, 2009, but was continued to April 16, 2009. Prior to July 1, 2005, the five-day period began to run on the date that the first meeting of creditors under 11 U.S.C. §341 was initially scheduled. *Smoot v. Wolfe,* 271 B.R. 115 (W.D.Va. 2001). The General Assembly amended Va.Code (1950) §34-17(A) in 2005 and changed the commencement of the five-day period from the date the meeting of creditors was initially scheduled to five days "after the date of the meeting held pursuant to 11 U.S.C. §341, but not thereafter." Va.Code (1950) §34-17(A). A first meeting of creditors is not "held" until it is concluded. Thus, the homestead deed must be filed within five days after the conclusion of the first meeting of creditors. *In re Stewart,* 360 B.R. 132 (Bankr.E.D.Va. 2006); *In re Shelton,* 343 B.R. 545 (Bankr.W.D.Va. 2006). In this case, while the first meeting of creditors was initially scheduled for March 16, 2009, it was rescheduled for April 16, 2009. It was commenced and concluded on that date. Thus, the debtor was required to file his homestead deed within five days after April 16, 2009, that is, on or before April 21, 2009.

[2] The facts are a bit more complicated. The clerk rejected the homestead deed he received on April 23, 2009, and returned it to the debtor. He returned it because, he asserted, the notary clause was incomplete. The debtor disagreed but modified the notary clause and mailed the homestead deed as modified back to the clerk. The clerk received it for the second time and recorded it on April 29, 2009. The resolution of this factual complication is unnecessary. The court assumes, *argunedo,* that a properly completed homestead deed together with the required filing fees was delivered to the clerk on April 23, 2009, the most favorable date for the debtor.

1

The Virginia homestead exemption permits a debtor to claim $5,000 exempt[3] from his creditors provided that he sets apart the property claimed exempt in a homestead deed filed in the clerk's office of the appropriate circuit court within five days after the conclusion of the first meeting of creditors.[4] Va.Code (1950) §§34-6, -14 and -17. The debtor asserts that he complied with this requirement when he placed the homestead deed in the mail properly addressed to the clerk, not when the clerk received it. If the requirement was satisfied on the day that the homestead deed was mailed to the clerk, April 20, 2009, it was timely filed and the exemption will be allowed. If, however, the applicable date is the date the homestead deed was received by the clerk, April 23, 2009, it was not timely filed and the claim of exemption will be disallowed.

The controlling Fourth Circuit case is *Mayer v. Nguyen (In re Nguyen),* 211 F.3d 105, 109 (4th Cir. 2000). In that case, the Court of Appeals reviewed the Virginia homestead exemption to determine when a homestead deed is effective. It held that two requirements must be satisfied. First, the debtor must set apart the property claimed exempt within five days after the completion of the meeting of creditors. Va.Code (1950) §34-17. Second, the clerk must record the homestead deed, but recordation need not be completed within the five-day period. Va.Code (1950) §§34-6 and 34-14. *Nguyen*, 211 F.3d at 111. Property is set apart, the Court of Appeals held, when a debtor delivers to the clerk of the appropriate state circuit court a homestead deed in proper and recordable form together with all applicable fees. At that point, the debtor has done all that he can do and has set apart the property claimed exempt. Actual recordation and indexing of the homestead deed by

---

[3] A debtor may claim additional property exempt if the debtor has dependents or is a veteran having a service connected disability of forty percent or more. Va.Code (1950) §§34-4 and 34-4.1.

[4] The intervening Saturday and Sunday are included in the five-day period. *See* Va.Code (1950) §1-210. Virginia law, not federal law, determines how to count days in applying Va.Code (1950) §34-17. *Mayer v. Nguyen (In re Nguyen),* 211 F.3d 105, 109 (4th Cir. 2000).

the clerk is a ministerial act over which the debtor has no control. *Id.* It may be completed after the expiration of the five-day period.

In this case, the debtor did not deliver the recorded deed to the clerk until after the five-day period expired. A debtor controls the manner in which he delivers a homestead deed to the clerk of a circuit court. He may personally take it to the clerk's office. He may entrust it to a courier. He may rely on the United States Postal Service. He may choose another delivery service. The choice is his. He runs the risk that delivery will not be completed before the expiration of the five-day period. The clerk has no control over the delivery service. He does not choose the delivery service. He is not in possession of the homestead deed until he actually receives it. He cannot perform his ministerial duties until he receives it. Thus, a debtor has set apart the property claimed exempt in his homestead deed only when he has actually delivered a properly executed and recordable homestead deed together with all applicable filing fees to the clerk, not when he deposits it in the mail or puts it in the hands of a delivery service or messenger.

The trustee's objection to the debtor's claim of exemption will be sustained.

Alexandria, Virginia
June 15, 2009

/s/ Robert G. Mayer
Robert G. Mayer
United States Bankruptcy Judge

Copy electronically to:

Fitzgerald Lewis
Richard A. Bartl
15235